IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **VACATE, SET ASIDE OR CORRECT** |
| vs. | ) | **A SENTENCE BY A PERSON IN** |
| | ) | **FEDERAL CUSTODY** |
| Donovan Michael Slagg, | ) | |
| | ) | Criminal No. 3:09-cr-69-1 |
| Defendant. | ) | |

## I. INTRODUCTION AND SUMMARY OF HOLDING

Before the Court is Defendant Donovan Michael Slagg's (hereafter "Slagg") Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc. #634). In his motion, Slagg claims four specific grounds for relief: (1) that the Court's Jury Instruction No. 6 was erroneous and constitutes an improper variance that undermines due process; (2) that the jury verdict form was "deeply flawed" and that any reasonable grammatical construction of the form would yield the conclusion that the Court essentially confused the issues and directed a verdict in favor of the government; (3) that trial counsel's failure to object to the instructions and the jury verdict form was error constituting ineffective assistance of counsel; and (4) that Slagg is entitled to have his conviction overturned under Rule 29 of the Federal Rules of Criminal Procedure. Id. In addition to these four enumerated grounds, Slagg argues that the charge to the jury and the jury verdict form taken as a whole created "a perfect storm" of disassociated conceptualizations to the members of the jury to try and assimilate intelligently to reach a just verdict. Slagg contends that the jury was simply so confused by the charge that it failed to reach a just and lawful verdict.

1

Because each of the issues raised has either been resolved by the appeal or is without any merit, the Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody is DENIED.

## II.  FACTUAL BACKGROUND

On July 15, 2009, Slagg was indicted on a charge of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance (Doc. #69).  On September 24, 2009, a superseding indictment was filed that charged Slagg with the additional charge of Money Laundering Conspiracy to Conceal and Disguise Nature, Location, Ownership, and Control of Proceeds of Specified Unlawful Activity (Doc. #70).   The case came regularly on for trial, and on January 29, 2010, a jury found Slagg guilty on both charges in the indictment (Doc. #291).

Following the conviction, Slagg moved for an acquittal (Doc. # 426), or in the alternative, a new trial (Doc. #428).  The matters were fully briefed and argued and on July 22, 2010, the Court entered its Order Denying the Motion for Acquittal and Granting in Part and Denying in Part the Motion for a New Trial  (Doc. #481).  Slagg timely appealed.  (Doc.# 554).  The United States Court of Appeals for the Eighth Circuit affirmed on August 11, 2011.  (Doc.# 613, attachment 1).  This timely Petition for Relief under 28 U.S.C. § 2255 followed.

The Court has previously recapitulated the evidence presented at trial and as the parties are familiar with the facts, the evidence is not restated.  The Court incorporates by reference its recitation of the evidence of trial found at pages 1-15 of its Order Denying Motion for Judgment of Acquittal and Granting in Part and Denying in Part Motion for New Trial (Doc. #481).

Most of the issues raised by Slagg both here and in virtually all of the post-trial proceedings cluster around an admitted failure by the Court to instruct the jury properly on Count

One of the superseding indictment. Count One charged Slagg with being both a principal in the conspiracy and, in the alternative, a person who aided and abetted the conspiracy in violation of 18 U.S.C. § 2. The jury verdict form asked a number of questions relating to this count. First, the form asked whether the jury found Slagg guilty of the crime of Conspiracy to Possess with Intent to Distribute or Distribute a Controlled Substance. The jury found Slagg guilty as a principal in the conspiracy. The form then went on to ask the jury to makes findings regarding the drug quantity if it found Slagg guilty. The jury answered that the conspiracy involved greater than 500 grams of a mixture containing a detectable amount of methamphetamine.

The jury verdict form next asked whether Slagg was guilty of aiding and abetting. The jury answered this question in the affirmative. Having found Slagg guilty as an aider and abetter, the jury went on to find that the conspiracy that he aided and abetted involved greater than 500 grams of a mixture containing a detectable amount of methamphetamine.

Finally, the jury verdict form asked whether Slagg was guilty of the offense of money laundering, defined as a conspiracy to conceal and disguise the nature, location, ownership and control of proceeds of specified unlawful activity. The jury answered that it found Slagg guilty.

Subsequent to the trial, the Court found that the charge to the jury, particularly Jury Instruction No. 6–Aiding and Abetting–Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance was in error and ordered a new trial on the issue if his conviction as a principal proved to be deficient in some manner.

On appeal, Slagg raised numerous issues, many of which he raises again in this 28 U.S.C. § 2255 motion.

## III. DISCUSSION

**1. Jury Instruction No. 6**

Slagg objects to Jury Instruction No. 6 in its entirety, asserting that it introduced an uncharged offense into the case. While acknowledging that the indictment itself does allege a violation of 18 U.S.C. § 2, Slagg asserts that the failure to recite "18 U.S.C. § 2" on the cover of the superceding indictment is a fatal flaw. The nature of this claim is that the charge to the jury, which allowed the jury to deliberate on the question of aiding and abetting, constitutes an improper variance from the indictment. (Doc. #634 at 4).

It is worthy of note that the Court has already vacated Slagg's conviction as an aider and abetter and granted a motion for a new trial if the conviction as a principal was invalidated. As the Court has repeatedly informed Slagg, he can only be sentenced once under Count One, and on appeal his conviction as a principal has been affirmed rendering any discussion of aiding and abetting moot. United States v. Slagg, 651 F.3d 832, 843 (8th Cir. 2011) ("a reasonable jury could have concluded beyond a reasonable doubt that Slagg was a knowing participant in the charged conspiracy"). Except under rare circumstances, none of which apply to this case, a party may not use 28 U.S.C. § 2255 to relitigate matters raised and decided in a direct appeal. Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011). Under these circumstances, Slagg's argument that the contested instruction constitutes an improper variance from the superseding indictment is a non-issue. He has not been sentenced to prison as an aider or abetter; he has been sentenced as a principal in the conspiracy.

Slagg further claims that Instruction No. 6 somehow tainted the jury and improperly influenced the jurors to convict. Slagg has not challenged the fifth instruction, which sets forth

the elements of the crime of conspiracy—nor can he, as the elements set forth by the United States Court of Appeals are essentially identical to Jury Instruction No. 5. The Court of Appeals found that the evidence on this matter was sufficient to sustain the conviction. Slagg, 651 F. 3d at 843.

Slagg attempts to attack the jury verdict by asserting that a question received from the jury indicates that they were hopelessly confounded by the charge given them. During the course of their deliberations, the jury forwarded the following question to the court:

> "Judge, can we find someone guilty for aiding and abetting without being guilty with conspiracy to distribute?"

(Doc. # 290-1). The question was received by the clerk at 6:45 p.m. on January 29, 2010. The Court summoned counsel to discuss the question. Before the lawyers had assembled, at approximately 7:06 p.m. the deputy clerk of court received a message from the jury indicating that they no longer had a question (Doc. #404 at 108-09). From this sequence, Slagg divines that the jury would never have convicted him as a principal without the alleged taint from the improper aiding and abetting instruction.

Slagg faces a significant hurdle in attacking a charge to the jury in a collateral relief proceeding. Dalton v. United States, 862 F.2d 1307, 1309 (8th Cir. 1988). An erroneous instruction must be of a constitutional dimension to warrant post-conviction relief and requires a showing that the improper instruction so infected the trial that the resulting conviction violates due process. Williams v. United State, 98 F.3d 1052, 1054-55 (8th Cir. 1996). It is not enough to simply show that the instruction was undesirable, erroneous, or even universally condemned. Id. Even if Slagg could get by this hurdle, he must "show a 'substantial likelihood' that a

properly instructed jury would have acquitted him of the conspiracy charge. Id. at 1055; United States v. Arline, 230 F.3d 1364 (8th Cir. 2000)("appellants failed to show a properly instructed jury would have acquitted them.").

The evidence of Slagg's involvement in the conspiracy is overwhelming. Both this Court and the Court of Appeals have reviewed the evidence in detail and found it more than sufficient to sustain the conviction. Slagg has entirely failed to establish that a properly instructed jury would have acquitted on Count One. His attempt to extrapolate from a jury question that was abandoned prior to being answered by the Court goes too far. As a general principle, courts do not and cannot speculate on questions from the jury. Doing so in a fashion that would impeach the jury's actual verdict is wholly improper.

Under the circumstances present in this case, any error in the jury charge is insufficient to meet the high burden imposed on litigants seeking to collaterally attack a jury charge in a post-conviction proceeding.

## 2. Verdict Form

Slagg next claims that the language employed by the Court in the verdict form is "deeply flawed on multitudinous levels." (Doc. #634 at 8). Specifically, he claims (1) that the words "the conspiracy" presuppose the existence of a conspiracy; (2) that there is an inappropriate "homogenization" of the concepts of principal and aiding and abetting in the verdict form; and (3) the manner in which the court asked the questions relating to drug quantities was "prejudicially constructed against and to the detriment of the Movant/Defendant." Id. at 8-10.

The failure to raise an issue on direct appeal acts to bar the petitioner from raising that issue for the first time in a 28 U.S.C. § 2255 motion unless the petitioner can demonstrate both

(1) cause for excusing the default, and (2) actual prejudice from the errors that are asserted. Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).

The cause asserted by Slagg is ineffective assistance of counsel in failing to object to the verdict form (Doc. #634 at 9). This ineffective assistance claim is governed by the familiar standard established in Strickland v. Washington, 466 U.S. 687 (1984). Under Strickland, Slagg must show (1) that counsel made an error so serious that he was not functioning as the counsel guaranteed to Slagg by the Sixth Amendment; and (2) that the deficient performance prejudiced Slagg's defense. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

Even if the Court assumes *arguendo* that the verdict form was erroneous and that counsel was deficient in such a manner that violated the Sixth Amendment, Slagg must still satisfy the actual prejudice prong. In this case, Slagg must establish that there is "a reasonable probability that but for counsel's errors the result would have been different." Orr, at 950.

The complaints raised by Slagg relating to the verdict form do not come close to stating a constitutional violation. His first argument, that the words "the conspiracy" presuppose the existence of the conspiracy, is without merit. The explicit wording of the question made it clear that it was not to be answered unless the jury had already found him guilty of the conspiracy. Slagg's "homogenization" claim is also foreclosed, because Slagg was convicted of being a principal on evidence that has already been found to be sufficient by the Court of Appeals. This conclusion renders any problem relating to aiding and abetting moot.

Finally, the claim that the defendant was prejudiced by the method of inquiry relating to drug quantities is simply without merit. Even if one assumes that the verdict form is erroneous, a close analysis of the evidence presented at trial precludes a finding of prejudice. It is plain that if

(1) cause for excusing the default, and (2) actual prejudice from the errors that are asserted. Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).

The cause asserted by Slagg is ineffective assistance of counsel in failing to object to the verdict form (Doc. #634 at 9). This ineffective assistance claim is governed by the familiar standard established in Strickland v. Washington, 466 U.S. 687 (1984). Under Strickland, Slagg must show (1) that counsel made an error so serious that he was not functioning as the counsel guaranteed to Slagg by the Sixth Amendment; and (2) that the deficient performance prejudiced Slagg's defense. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

Even if the Court assumes *arguendo* that the verdict form was erroneous and that counsel was deficient in such a manner that violated the Sixth Amendment, Slagg must still satisfy the actual prejudice prong. In this case, Slagg must establish that there is "a reasonable probability that but for counsel's errors the result would have been different." Orr, at 950.

The complaints raised by Slagg relating to the verdict form do not come close to stating a constitutional violation. His first argument, that the words "the conspiracy" presuppose the existence of the conspiracy, is without merit. The explicit wording of the question made it clear that it was not to be answered unless the jury had already found him guilty of the conspiracy. Slagg's "homogenization" claim is also foreclosed, because Slagg was convicted of being a principal on evidence that has already been found to be sufficient by the Court of Appeals. This conclusion renders any problem relating to aiding and abetting moot.

Finally, the claim that the defendant was prejudiced by the method of inquiry relating to drug quantities is simply without merit. Even if one assumes that the verdict form is erroneous, a close analysis of the evidence presented at trial precludes a finding of prejudice. It is plain that if

the errors complained of had been corrected in exactly the manner suggested by Slagg, the result at the trial would have been the same. The evidence presented at trial definitively established Slagg's guilt beyond a reasonable doubt, and there is virtually no likelihood that a retrial would result in a different outcome.

### 3. Ineffective Assistance of Counsel

Slagg claims that his counsel was defective in failing to object to the charge to the jury and to the verdict form. The analysis for both claims is essentially the same, and requires that Slagg prove actual prejudice. Orr, at 950. For the reasons stated above, Slagg is wholly unable to do so. While the instructions to the jury may not have been perfect, there is no reason to believe that the outcome would have been changed based on the evidence that was presented at trial.

### 4. Rule 29 claim Judgment of Acquittal

Slagg contends that he should be acquitted of the finding of guilt on the charge of 18 U.S.C. § 1856(a)(1)(B)(I) Money Laundering, which was the second count in the superseding indictment. He bases this contention on an Order Granting Rule 29 Motion for Directed Verdict of Acquittal in United States v. Marchus, 1010 WL 1440984 (D.N.D. 2010).

Slagg essentially reprises his arguments that were raised on appeal and rejected by the Court of Appeals. The only new claim is that some of his alleged co-conspirators were acquitted on Rule 29 Motions in a separate trial. The Court is not free to revisit this issue as the Court of Appeals has already concluded that there was sufficient evidence to sustain the conviction of Money Laundering. Slagg, 651 F.3d at 844-46.

## 5. Cumulative Error Doctrine

Slagg asserts that the cumulative error doctrine should be applied to his case. The Eighth Circuit Court of Appeals has stated that a case may be reversed "where the case as a whole presents an image of unfairness that has resulted in the deprivation of a defendant's constitutional rights, even though none of the claimed errors is itself sufficient to require a reversal." United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000). To reverse based on the cumulative effect of errors, the court must hold "there has been substantial prejudice" to the defendant and that the errors "fatally infected" Slagg's trial or "resulted in a miscarriage of justice." United States v. Samples, 456 F. 3d 875, 887 (8th Cir. 2006). A case is fatally infected by cumulative error when the errors render the entire trial fundamentally unfair such that the petitioner can demonstrate that the verdict probably would have been different absent the error. *See* Smith v. Groose, 205 F.3d 1045, 1049 (8th Cir. 2000). A miscarriage of justice presents an even higher standard. What constitutes a "miscarriage of justice" in this circuit is a matter of some speculation. Sun Bear v United States, 644 F.3d 700 (8th Cir. 2011) (en banc). While the exact limits are not plain, it is clear that the majority of the court believes that a miscarriage of justice must at least rise to an egregious level, such as a sentence in the face of evident proof of actual innocence or a sentence in excess of the legally authorized maximum sentence. Id. at 705-06.

The Court has conducted a searching and thorough review of the entire record of these proceedings. It acknowledges that both the charge to the jury and the verdict form could have been better drafted[1], but remains convinced that the charge taken as a whole fairly and

---

[1] While the Court acknowledges that the verdict form and the charge to the jury could have been more plainly drafted, it believes that only Jury Instruction No. 6 was actually erroneous. As has been repeatedly stated, any problems with the verdict that arose out of this error have been rendered moot by the conviction of Slagg as a principal in the conspiracy. While it is possible to argue that counsel's failure to object to Instruction No. 6 was not effective assistance, the Court is convinced that this

9

appropriately instructed the jury. The verdicts of guilty on both Count One and Count Two are consistent with the evidence presented at trial and the outcome was not effected by any errors. Under these circumstances, the cumulative error doctrine affords no relief to the petitioner.

## IV. Decision

For the foregoing reasons, Slagg's Motion to Vacate, Set Aside and Correct A Sentence of a Person in Federal Custody under 28 U.S.C. § 2255 is **DENIED**, and this action is hereby **DISMISSED** with prejudice.

The Court certifies that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, the Court finds that Slagg has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. See, Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability. If Slagg desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

---

failure does not rise to a constitutional magnitude and is harmless error. As such, the Court is of the general opinion that cumulative error does not exist in this record as a matter of fact and law. The Court need not make a final determination on this question as it seems beyond reasonable dispute that the trial was not fatally infected by error or that a miscarriage of justice occurred.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 10th day of January, 2012.

    /s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court